UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| CHRISTOPHER BROWN, }<br>ON BEHALF OF HIMSELF AND }<br>ALL OTHERS SIMILIARLY SITUATED, }<br>                                                                   **}**<br>                                        Plaintiff,           }<br>                    v                                                 }<br>                                                                        }<br>KIRSCHENBAUM & PHILLIPS, P.C. F/K/A, }<br>KIRSCHENBAUM, PHILLIPS & LEVY, PC, }<br>ELLIOT PHILLIPS, IRWIN KIRSCHENBAUM, }<br>RESURGENT CAPITAL SERVICES L.P., }<br>SHERMAN FINANCIAL GROUP, LLC, }<br>AND JOHN DOE, BEING THE }<br>SUCCESSOR-IN-INTEREST TO }<br>NORTH STAR CAPITAL ACQUISITION, LLC, }<br>                                                                        }<br>                                        Defendants.     } | Civil Action, File No.<br>2:17-cv-04980-JMA-AYS |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Christopher Brown [hereinafter "Brown"], on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Kirschenbum & Phillips, PC a/k/a Kirschenbum Phillips & Levy, PC [hereinafter "K&P"], Elliot Phillips (hereinafter "Phillips"), Irwin Kirschenbaum (hereinafter "Kirschenbaum"), Resurgent Capital Services LP (Resurgent), and Sherman Financial Group, LLC [hereinafter "Sherman"], and shows the court the following:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on K&P having a principal place of business located at 40 Daniel Street, Ste. 7, Farmingdale, NY  11735.

3. Venue in this district is proper based on Defendants' regular transaction of business within this district. Venue in this district also is proper based on one or more Defendants possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Defendants also derive substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

4. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

5. K&P is a professional corporation organized under the laws of the State of New York with a principal place of business at 40 Daniel Street, Ste. 7, Farmingdale, NY 11735.

6. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes any attorney-at-law or law firm engaging in traditional debt collection activity. See also Eric M. Berman, P.C. v. City of N.Y., 796 F.3d 171 (2nd Cir., 2015). K&P possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

7. As revealed from a search of the New York State Unified Court System eCourts website ("eCourts"), on a consistent and regular basis over a period of numerous years through the present K&P have acted as the attorney for a plaintiff in hundreds of consumer debt collection lawsuits.

8. On a consistent and regular basis over a period of numerous years through the present K&P,

without using the courts, has collected and attempted to collect debts from consumers on behalf of banks and debt buyers.

9. Based upon the allegations in the above three paragraphs, the principal purpose of K&P is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another; and K&P is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. A debt collector as defined by the FDCPA, 15 USC 1692b (6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual". See 1 USC 1. 15 USC 1692b (6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

11. Phillips is an "individual", an attorney and an owner of the "debt collector" K&P, a main financial beneficiary of "debt collector" K&P, an individual with a principal place of business located at "debt collector" K&P, and/or controls and/or supervises the debt collection activities of "debt collector" K&P. Phillips therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Phillips is a debt collector as defined by 15 USC 1692b (6) and 1 USC 1.

12. A debt collector as defined by the FDCPA, 15 USC 1692b (6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual". See 1 USC 1. 15 USC 1692b (6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

13. Kirschenbum is an "individual", an attorney and an owner of the "debt collector" K&P, a main financial beneficiary of "debt collector" K&P, an individual with a principal place of business located at "debt collector" K&P, and/or controls and/or supervises the debt collection activities of "debt collector" K&P. Kirschenbum therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Kirschenbum is a debt collector as defined by 15 USC 1692b (6) and 1 USC 1.

14. Resurgent is a Delaware Limited Partnership and a New York Foreign Limited Partnership.

15. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Resurgent possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency". Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes debt buyers but excludes creditors. Under Section 20-489 of

the New York City Administrative Code, a "Debt Collection Agency" is defined as follows: "…shall also include a buyer of delinquent debt who seeks to collect such debt either directly or through the services of another by, including but not limited to, initiating or using legal processes or other means to collect or attempt to collect such debt.".

16. Resurgent possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

17. On its website, Resurgent describes itself as follows:

> "Resurgent Capital Services is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers. We manage accounts across the credit spectrum including performing accounts, sub- and non-performing accounts, secured accounts, and unsecured accounts. Our offices are located in Greenville, SC and Cincinnati, OH. As a loan servicer and licensed collection agency, we may perform collection activities on accounts directly, or we may outsource the recovery activities to other independently owned collection agencies and law firms."

18. Based upon the above allegations, the principal purpose of Resurgent is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.; and therefore, Resurgent is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

19. Sherman is a Delaware Limited Liability Company and a New York Foreign Limited Liability Company.

20. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself

does not define the word "person"; but the Dictionary Act's definition of a person expressly includes "corporations" and "companies". See 1 USC 1.

21. Sherman wholly owns numerous subsidiaries which are a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA. Upon information and belief, Sherman directs and/or requires and/or allows Sherman's wholly owned "debt collectors" subsidiaries to carry out collection efforts on Sherman's behalf and for the sole benefit of Sherman; Sherman always possesses the beneficial interests in the collection accounts which Sherman's wholly owned "debt collectors" attempt to collect.

22. Based on the above, the principal purpose of Sherman is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

23. Based on the above, Sherman is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

24. Resurgent is a wholly owned subsidiary of Sherman.

25. Upon information and belief, Sherman, a "debt collector", directs and/or requires and/or allows Sherman's wholly owned subsidiaries such as Resurgent to carry out collection efforts on Sherman's behalf or for the sole benefit of Sherman; Sherman always possesses the beneficial interests in the collection accounts which Resurgent attempts to collect in the name of Resurgent; and Sherman directly actively participates in and/or controls and/or supervises the entire process of attempting to collect the debts held in the name of Resurgent including the selection and supervision and continuous evaluation of the effectiveness of attorneys/debt collectors such as K&P.

26. Upon information and belief, Resurgent and/or an entity on its behalf issued work standards, directives, and/or guidelines to K&P which contained instructions, controls, and rules governing the steps K&P could and could not take to attempt to enforce judgments.

27. All the actions alleged in this Complaint taken by K&P were taken by K&P as the "debt collector" for the "debt collector" Resurgent and the "debt collector" Sherman.

28. Based on the allegations in the above four paragraphs, Resurgent and Sherman are vicariously liable for the actions of K&P.

## FIRST CAUSE OF ACTION

29. Plaintiff repeats and re-alleges the allegations in paragraphs 1-28 of this Complaint.

30. Brown is a natural person who resides at 711 Washington Drive, Centerport, NY 11721.

31. Brown is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

32. On September 13, 2007, a lawsuit was filed on behalf of North Star Capital Acquisition, LLC, Assignee of Aspire against Brown in the District Court of the County of Suffolk under Index No. CV-004941-07/HU ("State Action") to recover a past due debt.

33. The past due debt in the State Action arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

34. On September 10, 2008, a Judgment against Brown was obtained in the State Action.

35. Subsequent to September 10, 2008, Resurgent became the owner of the Judgment as part of its acquisition of North Star Capital Acquisition, LLC or its acquisition of North Star Capital Acquisition, LLC's judgments against consumers.

36. Sometime prior to April 12, 2016, Brown found out about the Judgment and State Action.

37. Once Brown found out about the Judgment and State Action, he filed a motion to vacate the

Judgment.

38. As a result of his motion, on May 12, 2016, a Stipulation was executed and So-Ordered vacating the Judgment. See Exhibit A.

39. Prior to Brown filing his motion to vacate the Judgment, on or about April 14, 2016, K&P issued an Income Execution to the Sheriff for the Sheriff to serve on Brown to enforce the Judgment; and on May 31, 2016, the Sheriff served the aforementioned April 14, 2016 Income Execution on Brown. See Exhibit B.

40. Upon information and belief based on Exhibit C, on May 27, 2016, K&P sent a fax to the Sheriff informing the Sheriff that the Judgment had been vacated.

41. A new Judgment never was obtained in the State Action.

42. Notwithstanding Exhibit C, on January 17, 2017, the Sheriff, on behalf of K&P and as K&P's agent served Exhibit D on Brown's employer to enforce the Judgment in the State Action which had been vacated.

43. Exhibit D consists of the aforementioned April 14, 2016 Income Execution.

44. The Sheriff had no legal right to served Exhibit D on Brown's employer to enforce the Judgment in the State Action which had been vacated.

45. The Sheriff served Exhibit D on Brown's employer on behalf of K&P and as K&P's agent.

46. Upon information and belief, K&P did not take any action to ensure that the Sheriff closed its file or would not take any further action as regards the aforementioned April 14, 2016 Income Execution.

47. Based on the above, the Sheriff's service of Exhibit B and/or Exhibit D on Brown's employer to enforce the Judgment in the State Action which had been vacated amounted to a violation by Defendants of 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(3), 15

USC 1692e(5), 15 USC 1692e(10), and/or 15 USC 1692f.

## SECOND CAUSE OF ACTION-CLASS CLAIM

48. Plaintiff repeats and re-alleges the allegations in paragraphs 1-28 of this Complaint.

49. On or before April 12, 2016, K&P, on behalf of Resurgent and Sherman, garnished Brown's wages to enforce the Judgment.

50. Resurgent had acquired the Judgment from North Star Capital Acquisition, LLC.

51. New York state law requires an assignor of a judgment to notify the judgment debtor of its assignment of the judgment as a prerequisite to the legal right of an assignee of the judgment to use a legal device such as an income execution to attempt to enforce the assigned judgment.

52. Brown never received any notification from North Star Capital Acquisition, LLC that the Judgment had been sold, transferred or assigned to Resurgent.

53. North Star Capital Acquisition, LLC never notified Brown that the Judgment had been sold, transferred or assigned to North Star Capital Acquisition, LLC.

54. Upon information and belief, at the time K&P, on behalf of Resurgent and Sherman, garnished Brown's wages to enforce the Judgment, there was no ability to produce proof of the aforementioned notification of the assignment of the Judgment.

55. Based on the above, K&P, on behalf of Resurgent and Sherman, had no legal right to garnish Brown's wages to enforce the Judgment.

56. New York General Business Law Sec. 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service."

57. The illegal garnishment of Brown's wages by K&P, on behalf of Resurgent and Sherman, amounted to a deceptive act and practice on the part of K&P in the conduct of its business of

enforcing assigned judgments.

58. 'Consumer-oriented' activity occurs if it causes any "'consumer injury or harm to the public interest.'".  <u>Securitron Magnalock Corp. v. Schnabolk</u>, 65 F.3d 256, 264 (2d Cir.1995).

59. The illegal garnishment of Brown's wages by K&P, on behalf of Resurgent and Sherman, caused consumer injury and/or harm to the public interest and therefore were consumer oriented for the following reasons:

    a. Brown is a consumer;

    b. K&P's above action caused Brown to have his wages illegally garnished (see <u>Mayfield v. Asta Funding, Inc.</u>, 95 F. Supp. 3d 685 (S.D.N.Y., 2015);

    c. The conduct at issue was directed at, directly affected, and injured Brown (see <u>Mayfield v. Asta Funding, Inc.</u>, 95 F. Supp. 3d 685 (S.D.N.Y., 2015) in the manner set forth below;

    d. Resurgent became the owners of numerous judgments owned by North Star Capital Acquisition, LLC; and K&P represents Resurgent in regard to Resurgent's efforts to enforce all or a substantial number of these judgments (see <u>Mayfield v. Asta Funding, Inc.</u>, 95 F. Supp. 3d 685 (S.D.N.Y., 2015); and

    e. Since there was no legal right to garnish Brown's wages due to the absence of any notice of assignment from North Star Capital Acquisition, LLC, K&P's above action as regards Brown are similar or identical to K&P's actions as regards all if not a substantial number of these judgments acquired by Resurgent from North Star Capital Acquisition, LLC and then enforced by K&P on behalf of Resurgent and Sherman (see <u>Mayfield v. Asta Funding, Inc.</u>, 95 F. Supp. 3d 685 (S.D.N.Y.,

2015).

60. Plaintiff suffered injuries as a result of the deceptive act including but not limited to the emotional distress to him of having his wages garnished and the loss of his ability to use the garnished wages to pay his living expenses.

61. As a result of the above, Defendants are liable under General Business Law section 349.

## CLASS ALLEGATIONS

62. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b) (3).

63. The class consists of (a) all natural persons (b) against whom K&P (c) in the last 3 years prior to the filing of this lawsuit (d) attempted to enforce a judgment (e) obtained to collect a consumer debt (f) which judgment was acquired by Resurgent from North Star Capital Acquisition, LLC.

64. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

65. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

66. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases

67. A class action is the superior means of adjudicating this dispute.

68. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendants for:

1. statutory and actual damages to be determined at trial;

2. costs and attorneys' fees allowed as a result of this action; and

      3. any and all other relief deemed just and warranted by this court.

Dated:      May 25, 2018

<u>/s/ Mitchell L. Pashkin</u>
Mitchell L. Pashkin (MP 9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107
mpash@verizon.net